## Banks, Appellant, *v.* Wilkes-Barre.

Argued November 10, 1964. Before BELL, C. J., MUSMANNO, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Andrew I. Puhak,* with him *George I. Puhak,* for appellants.

*Joseph B. Farrell,* with him *Robert J. Hourigan,* for appellees.

*Peter Paul Olszewski,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, March 16, 1965:

Appellants are paid firemen of the City of Wilkes-Barre. They filed a petition for declaratory judgment to determine the validity of an ordinance establishing a paid firemen's pension fund by the appellee, the City of Wilkes-Barre, the defendant. Retired firemen, widows of retired firemen, and a widow of a fireman killed in the performance of his duties as a fireman, were permitted to intervene by the lower court. The court sustained the legality of the ordinance, and from the final decree, this appeal was filed.[1]

Appellee, on December 26, 1962, enacted Ordinance 31, which provided a paid firemen's pension fund for the purpose of pensioning paid firemen in the bureau of fire, and for the providing of pensions to presently retired firemen and the widows of retired firemen. Appellants contend that by reason of the inclusion of firemen who retired before the enactment of the 1962 ordinance, and others receiving pensions, being included in the ordinance, the ordinance is invalid.

The ordinance was enacted under the authority of The Third Class City Code.[2] Firemen's Relief and Pension Association, from which the intervenors are receiving pensions, is insolvent and in receivership. Appellants do not contest the validity of the provisions of The Third Class City Code and the amendments by which authority the 1962 ordinance was enacted. The ordinance itself, however, is attacked. The objections to the ordinance are (1) that a widow of a fireman who was killed in the performance of his duties as a paid fireman and who was receiving a pension

---

[1] The method of determining the issue of the validity of the ordinance by declaratory judgments was not raised.

[2] Act of June 23, 1931, P. L. 932, 53 P.S. §35101, and as amended.

from the association now in receivership is entitled to a pension from the Paid Firemen's Pension Fund as created by the ordinance, and (2) that firemen who had been retired from the fire department and widows of firemen who had been retired and who are presently receiving pensions from the association now in receivership are included in the firemen's pension fund established by the ordinance. It was not until 1959 that widows of retired firemen were specifically mentioned as such, and provision made for them under the Fund if Council so elected. In that year, two amendments were enacted, neither of which referred to the other. The amendment of July 27, 1959, P. L. 569, §3, 53 P.S. §39320 (Supp.), provided: "The fund shall be applied, under such regulations as the board of managers shall prescribe, for the benefit of such members of the fire department as shall receive honorable discharge therefrom by reason of service or age or disability, widows of retired members if council so elects and the families of such as may be killed in the service. . . ." The other amendment passed on August 14, 1959, P. L. 704, §1, 53 P.S. §39320 (Supp.), provides: "The fund shall be applied, under such regulations as the board of managers shall prescribe, for the benefit of such members of the fire department as shall receive honorable discharge therefrom by reason of service or age or disability and the families of such as may be killed in the service. . . ."

When confronted with such a situation, the Statutory Construction Act[3] provides: "Whenever two or more amendments to the same provision of a law are enacted at the same or different sessions, one amendment overlooking and making no reference to the other or others, the amendments shall be construed together, if possible, and effect be given to each. If the amend-

---

[3] Act May 28, 1937, P. L. 1019, §75, 46 P.S. §575.

ments be irreconcilable, the latest in date of final enactment shall prevail from the time it becomes effective." The amendments are not irreconcilable. The amendment of July 27, 1959, provided for "widows of retired members if council so elects", while the amendment of August 14, 1959, was identical in the relevant respect, with the exception that the foregoing words did not appear. There was, however, no repeal of the earlier amendment.

The Wilkes-Barre Firemen's Relief and Pension Association has been in existence since about the turn of the century. The firemen made contributions and money was paid into its treasury to provide pensions for retired firemen, widows of retired firemen and widows of firemen killed on duty. The firemen who retired from the Wilkes-Barre Fire Department, widows of retired firemen and a widow of a fireman who was killed in the performance of his duty as a fireman, were all receiving pensions from the association and had a vested right of which they could not be deprived. The legislature acknowledged this right in the provisions of the Act of 1947 :[4] "Cities shall provide annuity contracts or establish, by ordinance, a firemen's pension fund, to be maintained in part by an equal and proportionate monthly charge against each member of the fire department, which shall not exceed annually three per centum of the pay of such member; in any case where there is an existing organization or association for the benefit of fully paid firemen, constituting and having in charge the distribution of firemen's pension funds, no annuity contract shall be provided, nor shall any firemen's pension funds be established under the provisions of this section unless and until the members of such organization or association, by a two-thirds vote, elects to transfer said existing fund into the pen-

---

[4] Act June 28, 1947, P. L. 1032, §1, 53 P.S. §39320.

sion fund required to be established by this section."
This provision was re-enacted in the Act of July 27,
1959,[5] and in the amendment of August 14, 1959.[6] The
Act of July 27, 1959,[7] provided: "There shall be paid
to the firemen's pension funds by every city annually,
a sum of money not less than one-half of one per centum
nor more than one per centum of all city taxes levied
by the city, other than taxes levied to pay interest on
or extinguish the debt of the city or any part thereof.
Council may exceed the limitations imposed by this
section if an additional amount is deemed necessary to
provide sufficient funds for payments to widows of
members retired on pension or killed in the service."

The members of the Wilkes-Barre Firemen's Relief
and Pension Association, by a two-thirds vote, elected
to transfer said existing fund into the pension fund
required to be established by the City of Wilkes-Barre
under the provision of the aforesaid Act.[8]

The court also found as a fact (Finding of Fact
No. 8) that Wilkes-Barre City, by Ordinance No. 31
of 1962, established a paid firemen's pension fund pro-
viding pensions for firemen who may become retired
in the future, as well as widows of members killed in
service after January 1, 1963, and also providing pen-
sions for presently retired firemen and widows of re-
tired firemen and a widow of a fireman previously
killed in service, all of whom were receiving pensions
from the Wilkes-Barre Firemen's Relief and Pension
Association at the time of the enactment of the new
Ordinance. And, the court's conclusion of law was
that "The provisions of Ordinance No. 31 of 1962 of
the City of Wilkes-Barre as they apply to benefits for
firemen retired before enactment of the ordinance, wid-

---

[5] Act of July 27, 1959, P. L. 569, §3, 53 P.S. §39320 (Supp.).

[6] Act of August 14, 1959, P. L. 704, §1, 53 P.S. §39320 (Supp.).

[7] Act of July 27, 1959, P. L. 569, §3, 53 P.S. §39324 (Supp.).

[8] Finding of Fact Number 7 by the court below.

ows of predeceased firemen, and the widow of a fireman killed in the performance of his duty prior thereto, are valid." The final decree was in conformity with the Conclusion of Law, including "the widow of a fireman previously killed in the performance of his duty as a fireman".

Appellants, in their first statement of the question involved, contend that it is improper to include the widow of a fireman previously killed in the performance of his duty as a fireman, as the new ordinance No. 31 of 1962 makes no provision for the widow so situated. We have examined the ordinance and cannot find any language that could be construed to include the widow of a fireman previously killed in the performance of his duty as a fireman. The lack of such a provision was, perhaps, an oversight. The legislative enabling act under the provisions of The Third Class City Code permit such provision. It is not in the ordinance, however, and this assignment of error must be sustained.

Appellants' contention that the inclusion in the ordinance of provisions for retirement benefits to previously retired firemen and widows of previously retired firemen is invalid, is without merit. The Ordinance No. 31 of 1962 is in accordance with the relevant provision of The Third Class City Code, providing for the establishing of a Paid Firemen's Pension Fund, as the title of the Ordinance provides: "In accordance with the provisions of the Act of Assembly, approved June 23, 1931, P. L. 932, and as amended."

The provisions of the ordinance are valid. However, there is no provision therein for the widow of a fireman previously killed in the performance of his duty as a fireman.

The decree as modified is affirmed. Costs on appellee.

Mr. Justice ROBERTS concurs in the result.

Mr. Justice JONES took no part in the consideration or decision of this case.